UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHARON WILSON, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No._____ |
| v. | ) | |
| | ) | |
| LVNV FUNDING, LLC, | ) | |
| | ) | |
| DEFENDANT. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Sharon Wilson, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## PARTIES

3. Plaintiff, Sharon Wilson ("Plaintiff') is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted HSBC Bank, Nevada, N.A. Neimans consumer credit card account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant, LVNV Funding, LLC ("LVNV" or "Defendant"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a(6)

of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. LVNV operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

5. Defendant LVNV is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

6. Defendant LVNV is authorized to conduct business in Illinois, and maintains a registered agent here. In fact, Defendant LVNV conducts business in Illinois. (Exhibit A, Record from the Illinois Secretary of State).

7. Moreover, Defendant LVNV is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation. (Exhibit B, Record from Illinois Division of Professional Regulation).

8. In fact, Defendant LVNV acts as a debt collection agency in Illinois, as it regularly collects defaulted consumer debts.

## FACTUAL ALLEGATIONS

9. Plaintiff incurred a debt for goods and services used for personal purposes, originally for an HSBC Bank, Nevada, N.A. Neimans consumer credit card account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

10. Due to her financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

11. LVNV purportedly purchased the alleged debt sometime thereafter.

12. On or about February 18, 2010, LVNV communicated credit information regarding the alleged debt to the TransUnion consumer reporting agency, including an account number, the original creditor, and a pay status. (Exhibit C, Excerpt of Plaintiff's TransUnion credit report).

13. LVNV communicated an Original Amount on the alleged debt of $866.

14. LVNV subsequently communicated credit information regarding the alleged debt to the Experian consumer reporting agency, alleging a balance in excess of $866 as follows:

>    $1,013 account balance in July, 2013
>    $1,017 account balance in August, 2013
>    $1,021 account balance in September, 2013
>    $1,084 account balance in October, 2013
>    $1,093 account balance in November, 2013
>    $1,098 account balance in December, 2013
>    $1,103 account balance in January, 2014
>    $1,108 account balance in February, 2014
>    $1,114 account balance in March, 2014

(Exhibit D, Excerpt of Experian consumer report)

15. LVNV's communications to Experian were made in connection with the collection of an alleged debt.

16. Credit reporting by a debt collector constitutes an attempt to collect a debt. *See, e.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

17. In March, 2014, LVNV attempted to collect an additional $248 on the alleged debt over and above the Original Amount of $866.

18. LVNV had no statutory nor contractual right to collect an additional $248 on the alleged debt.

19. In fact, LVNV had no statutory nor contractual right to collect *any* additional amounts from Plaintiff on the alleged debt.

20. 15 U.S.C. § 1692f of the FDCPA provides as follows:

**Unfair practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .**

21. LVNV attempted to collect an amount not authorized by the agreement creating the debt or permitted by law when it attempted to collect an additional $248 in interest and fees from Plaintiff, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

22. In response to collection attempts by Defendant, Plaintiff consulted with the legal aid attorneys at the Debtors Legal Clinic, who on April 10, 2014, sent a letter to LVNV indicating that Plaintiff is represented by an attorney and that she disputes the alleged debt as reported. (Exhibit E, Representation Letter).

23. LVNV received Plaintiff's letter on April 10, 2014

24. LVNV subsequently retained or hired Weltman, Weinberg & Reis Co., LPA ("Weltman"), to attempt to collect the alleged debt from Plaintiff. Weltman was at all times authorized to act on behalf of LVNV, which directed and ratified Weltman's actions to collect the debt.

25. LVNV provided account information regarding the account to Weltman to aid in its attempt to collect the alleged debt.

26. LVNV informed Weltman that Plaintiff was represented by counsel.

27. On or about May 24, 2014, Weltman mailed Plaintiff a collection letter ("Letter") regarding the alleged debt. (Exhibit F, Collection Letter).

28. The Letter conveyed various information regarding the alleged debt directly to Plaintiff, including a balance due, and stated that "This communication is from a debt collector."

29. The Letter was thus a communication as that term is defined by 15 U.S.C. 1692a(2).

30. Weltman sent the Letter at the direction of LVNV.

31. The Letter greatly alarmed Plaintiff because she thought the matter had not been correctly handled by her legal aid attorneys, who had explained to her that Defendant would no longer contact her directly. Plaintiff instead thought she would have to continue contesting the matter on her own with the Defendant.

32. 15 U.S.C. § 1692c of the FDCPA provides as follows:

**(a) Communication with the consumer generally**

**Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—**

**. . . (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer. . . .**

33. On May 24, 2014, Weltman and LVNV knew that Plaintiff was represented by counsel—whose name, address, and telephone number Defendant was also aware of—since Plaintiff informed LVNV of this fact via letter on April 10, 2014.

34. Even though Defendant was prohibited from communicating with Plaintiff in connection with the collection of the alleged debt, Weltman, on behalf of LVNV, mailed the Letter to Plaintiff directly in violation of 15 U.S.C. § 1692c(a)(2).

35. The Letter inexplicably decreased the account balance, communicating an alleged balance due of $1,049.95, down from the $1,114 LVNV had communicated previously.

36. On or about June 9, 2014, LVNV further decreased the account balance, communicating an alleged balance due of $866 to the TransUnion consumer reporting agency, down from the $1,114 it had communicated previously. (Ex. C, TransUnion credit report).

37. Plaintiff had not made any payments toward the alleged debt.

38. Either the credit information communicated by LVNV to the Experian consumer reporting agency in March, 2014—that the balance owed on the alleged debt was $1,114—was false, the credit information communicated by Weltman to Plaintiff in May, 2014—that the balance owed on the alleged debt was $1049.95—was false; or the credit information communicated by LVNV to TransUnion in June, 2014—that the balance owed on the alleged debt was $866—was false; all three amounts cannot be correct, the balance of an alleged debt cannot *decrease* in the absence of any payments.

39. 15 U.S.C. §1692e of the FDCPA provides as follows:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any**

>debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
>. . . **(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**
>
>. . . **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

40. By falsely communicating to the amount of the debt it was attempting to collect from Plaintiff, Weltman and LVNV made materially false, deceptive and misleading statements in violation of 15 U.S.C. §§ 1692e, 1692e(8), and 1692e(10) of the FDCPA.

41. Plaintiff was confused, and an unsophisticated consumer would be confused, by the varying amounts stated by Defendants as being due from her.

42. LVNV failed to communicate that Plaintiff's alleged debt was disputed when it communicated other information to TransUnion, relating to the account, on June 9, 2014.

43. 15 U.S.C. § 1692e of the FDCPA provides as follows:

>A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
>. . . **(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

44. On or before June 9, 2014, LVNV knew that Plaintiff had disputed the alleged debt because Plaintiff's counsel had previously notified LVNV of that dispute by letter on April 10, 2014.

45. Even though LVNV knew or should have known, prior to June 9, 2014, that Plaintiff disputed owing the alleged debt, LVNV failed to thereafter communicate the fact of Plaintiff's dispute to the TransUnion credit reporting agency when LVNV communicated other information regarding the alleged debt on June 9, 2014, in violation of 15 U.S.C. § 1692e(8).

46. LVNV is liable for the acts and omissions of Weltman, committed in connection with efforts to collect the alleged debt from Plaintiff. (*See Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994); *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379 (3rd Cir. 2000)).

47. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I-FAIR DEBT COLLECTION PRACTICES ACT—PRA

48. Plaintiff re-alleges paragraphs 1-47 as if set forth fully in this count.

49. LVNV attempted to collect an amount not permitted by law, in violation of 15 U.S.C. §§ 1692f and 1692f(1) when it attempted to collect an additional $248 without any statutory or contractual authority to do so.

50. LVNV, via Weltman, communicated with Plaintiff in connection with the collection of a debt while knowing Plaintiff was represented by an attorney with respect to the debt, in violation of 15 U.S.C. § 1692c(a)(2).

51. LVNV communicated false credit information in violation of 15 U.S.C. §§ 1692e, 1692e(8), and 1692e(10) when it and Weltman communicated a balance that it

knew or should have known not to be accurate, to the Experian and TransUnion consumer reporting agencies, and to Plaintiff.

52. LVNV failed to communicate Plaintiff's dispute to the TransUnion consumer reporting agency, in violation of 15 U.S.C. § 1692e(8), when it knew or should have known that the debt was disputed.

WHEREFORE, Plaintiff asks that the Court enter judgment in his favor and against Defendant as follows:

  A. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

  B. Costs and reasonable attorney fees pursuant to 15 U.S.C. 1692k(a)(3); and

  C. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Michael J. Wood  
Attorney at Law  
Consumer Protection Law Center, Ltd.  
565 W. Adams Street, Suite 635  
Chicago, IL 60661  
ph: 312.757.1880 | fax: 312.476.1383  
mwood@cplc-law.com

By: \s\ Michael J. Wood  
Michael J. Wood